UNITED STATES DISTRICT COURT
DISTRICT OF VERMONT

| | |
|---|---|
| H. RICHARD AUSTIN, :<br>   :<br>     Plaintiff, :<br>   :<br>   v. :<br>   :<br>HANOVER INSURANCE COMPANY, :<br>MASSACHUSETTS BAY INSURANCE :<br>COMPANY and DOWNS, RACHLIN :<br>& MARTIN, :<br>   :<br>     Defendants. :<br>_____ : | File No. 1:10-mc-46 |

MEMORANDUM AND ORDER
(Doc. 1)

Plaintiff H. Richard Austin (Austin), proceeding pro se, filed a motion for leave to file a complaint, Doc. 1, on June 14, 2010, seeking to bring another action stemming from a fire that destroyed Austin's home in Warren, Vermont on November 12, 1993. In a prior action, Austin v. Downs, Rachlin & Martin, 1:06-cv-38, the Court entered a protective order requiring Austin to move for leave prior to initiating a further action because Austin had attempted four times to challenge the scientific evidence presented in his initial case. Austin's current proposed complaint is styled as an action for "fraud upon the court" under Fed. R. Civ. P. 60(d)(3).

In entering the protective order, this Court informed Austin it would review a motion for leave to file a complaint, and "if it appears that the proposed action is repetitive, meritless, frivolous, malicious, intended to harass or otherwise barred," the

Court will deny leave.  Austin v. Downs, Rachlin & Martin, 1:06-cv-38, 2006 WL 2585102, at *3 (D. Vt. Aug. 24, 2006).

The Court finds Austin's proposed complaint is indeed repetitive, meritless and frivolous, if not malicious and intended to harass.  The Second Circuit noted, in its most recent resolution of an Austin appeal:  "This appeal marks the fifth time that Austin has appealed to this Court a denial of claims related to his allegations that the defendants-appellees or their privies conspired to defraud him and the federal courts by fabricating evidence as to the origin of the fire that destroyed his Vermont home in 1993."  Austin v. Downs, Rachlin & Martin, 270 F. App'x 52, 53 n.1 (2d Cir. 2008).[1]  The complaint in the underlying district court action, No. 1:06-cv-38, specifically alleged fraud upon the court.  See Compl. ¶ 4 at 2, Austin v. Downs, Rachlin & Martin, 1:06-cv-38 (May 19, 2005).  In his proposed complaint, Austin again attempts to argue fraud on the court.  Doc. 1-1 ¶ 1 at 1.  Accordingly, this angle has been argued and rejected.

Austin's motion for leave to file complaint, Doc. 1, is DENIED.  If Austin wishes to commence a further action in this Court in the future, he must again file with his proposed complaint a motion for leave to file.  The Court warns Austin, as did the Second Circuit, that he "is placed on notice that future frivolous or vexatious litigation

---

[1] Since this Second Circuit Summary Order issued, Austin filed an action in the District of Massachusetts under Fed. R. Civ. P. 60 -- dismissed on the basis of failure to state a claim, as well as res judicata and the state statute of limitations -- and appealed the dismissal to the First Circuit, which affirmed.  See Austin v. Douglas G. Peterson & Assocs., No. 09-1099, slip op. (Nov. 10, 2009).

will expose him to the imposition of penalties, such as monetary sanctions . . ." Austin, 270 F. App'x at 54.

   SO ORDERED.

   Dated at Brattleboro, in the District of Vermont, this 24th day of August, 2010.


                           /s/ J. Garvan Murtha
                           Honorable J. Garvan Murtha
                           Senior United States District Judge